IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:15-cr-505-LSC-GMB |
| | ) | [WO] |
| WILLIE MAE FORD | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the court is the defendant's motion to set her restitution payment at $25 per quarter. Doc. 47. Pursuant to 28 U.S.C. § 636(b)(1), this motion was referred to the United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. After careful consideration of the parties' submissions and the applicable law, the undersigned recommends that the defendant's motion (Doc. 47) be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2016, the District Court entered a judgment against Defendant Willie Mae Ford after she pled guilty to one count of Fraud in Connection with Access Devices in violation of 18 U.S.C. § 1029(a)(3). Doc. 44. The judgment included a restitution order in the amount of $1,673,071, due in full immediately. *See* Doc. 44 at 7. The District Court amended this judgment on January 18, 2017, imposing the same restitution obligation but ordering payment to begin immediately with the special instruction that "[a]ny balance of restitution remaining at the start of supervision shall be paid at the rate of not less than $100 per month." *See* Doc. 46 at 7. The amended judgment

did not impose a schedule for restitution payments prior to the start of supervision.

Ford has now filed a motion to set her restitution payments at $25 per quarter, contending that this is the most she can pay in light of her financial limitations. Doc. 47. Ford is incarcerated at the Federal Medical Center in Fort Worth, Texas, and asserts that she earns less than $20 per month. Doc. 47 at 1. However, she enrolled in the Inmate Financial Responsibility Program ("IFRP"), which is a voluntary program that directs a portion of an inmate's employment earnings toward her restitution obligation. *See* 28 C.F.R. § 545.11(b). Under the IFRP's current payment schedule, Ford must pay $45 per month.

## II. DISCUSSION

The Mandatory Victims Restitution Act of 1996 ("MVRA") provides that a sentencing court shall "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). The Eleventh Circuit has held that "setting a schedule for a prisoner to pay restitution or fines is a core judicial function under the MVRA, and that the district court may not delegate discretion to set the schedule." *United States v. Prouty*, 303 F.3d 1249, 1254–55 (11th Cir. 2002). Because the court may not delegate this discretion, it ought not issue a restitution order "requiring 'immediate' payment with an informal understanding that the probation office shall set a repayment schedule." *Prouty*, 303 F.3d at 1255.

Ford first requests that her restitution payment be lowered pursuant to 18 U.S.C. § 3664(k). This provision allows the court to modify its restitution orders upon notification of a "material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k).

But the notification must be made both to the court and to the Attorney General of the United States. 18 U.S.C. § 3664(k). Ford does not claim that she has he notified the Attorney General of a change in her economic circumstances. In fact, Ford does not allege that there even has been a change in her economic circumstances outside of the vague statement that her payment plan is "based on a monetary amount that the petitioner is no longer and will no longer receive." Doc. 47 at 3. Accordingly, to the extent Ford seeks relief under § 3664(k), that request should be denied.

Ford also challenges the propriety of her restitution order by asserting that the District Court impermissibly delegated its statutory duty under the MVRA to set a payment schedule. Specifically, Ford contends that the District Court improperly ordered that the restitution obligations be paid immediately "with the expectation that the [Federal Bureau of Prisons] would work out a payment schedule." Doc. 47 at 2. While Ford is correct that the District Court may not delegate its authority to set a payment schedule, she mischaracterizes the restitution order in this case. As noted above, the restitution order contained within the District Court's amended judgment directs payments to commence immediately with the instruction that any balance remaining at the beginning of Ford's supervised release be paid at the rate of no less than $100 per month. *See* Doc. 46 at 7. Thus, the District Court specified both the manner in which, and the schedule according to which, Ford's restitution is to be paid in accordance with the MVRA's directives.

In *United States v. Dezern*, the defendant appealed his sentence, arguing in part that district court delegated its duty to set a payment schedule to the probation officer. *See United States v. Dezern*, 242 F. App'x 622, 615 (11th Cir. 2007). Like the restitution

order here, the district court in that case ordered restitution payments to begin immediately and specified that "[a]ny portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid in monthly installments of $400.00 over a period of 36 months to commence 30 days after the date of this judgment." *Id.* at 626. Thus, the Eleventh Circuit concluded that the district court had "prescribed 'in the restitution order the manner in which [$400 payments], and the schedule according to which [monthly during supervised release], the restitution is to be paid.'" *Id.* (quoting 18 U.S.C. § 3663(f)(2)) (alterations in original). Like the situation in *Dezern*, the District Court here satisfied its obligation under the MVRA to specify the manner (payments of no less than $100) and schedule (monthly during supervised release) of Ford's restitution payments.

Faced with a nearly identical argument, a district court in the Northern District of Georgia reached the same conclusion this court reaches today. In *United States v. Berry*, the defendant challenged the propriety of a restitution order and requested that payments be lowered pursuant to § 3664(k). *See United States v. Berry*, 2013 WL 3946629, at *1 (N.D. Ga. July 30, 2013). The defendant in that case, like Ford, argued that his family could not afford his IFRP payments and also challenged his restitution order with a non-delegation argument. *See id.* at 1–2. After observing, as the court has here, that the defendant did not allege that he notified the Attorney General of a change in his economic circumstances to justify a payment reduction under § 3664(k), the court noted that "[t]he IFRP applies only while Defendant is imprisoned and requires payments only when he has funds in his inmate account." *Id.* at *2. And it explained that, at the time the defendant was

4

sentenced, the court could not have taken into account the level of financial support the defendant would receive from family while incarcerated. *See id.* Ultimately, no payment adjustment was warranted because the defendant had shown no change in circumstances. *See id.* Additionally, the defendant in that case, like Ford, relied on *Ward v. Chavez*, a 2012 Ninth Circuit decision, in his challenge to the propriety of the district court's restitution order and the IFRP as a whole. *See id.* The court addressed this argument by observing that it was not bound by Ninth Circuit precedent. *See id.* at *3.

The same reasoning applies here, where Ford's IFRP payments apply only when she has funds available in her inmate account. And the court would be remiss not to mention that Ford's transaction history regularly reflects balances well in excess of $100 and transactions far exceeding the $45 that she contends she is unable to afford. *See* Doc. 51-1. To the extent *Ward* lends support to Ford's non-delegation argument, it is not binding authority and in on way compels the court to depart from the Eleventh Circuit's reasoning in *Dezern*. Accordingly, the court recommends that Ford's motion be denied.

### III. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the defendant's motion (Doc. 47) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than March 19, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and

recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 5th day of March, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE